IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LEONARD M. MCCOLLUM, TDCJ-CID NO. 120474, | § § § | |
| Petitioner, | § § | |
| v. | § § | CIVIL ACTION NO. H-07-0906 |
| NATHANIEL QUARTERMAN, Director, Texas Department of Criminal Justice, Correctional Institutions Division, | § § § § § | |
| Respondent. | § § | |

**MEMORANDUM OPINION AND ORDER**

Petitioner, Leonard M. McCollum, is a person in state custody who brings this action seeking a Writ of Habeas Corpus (Docket Entry No. 1). For the reasons stated below, McCollum's petition will be dismissed as time-barred.

**I.  Background**

On August 1, 1989, McCollum pleaded guilty to theft and was sentenced to thirteen years' imprisonment by the 262nd District Court of Harris County, Texas.[1]  No direct appeal was filed.  On November 11, 2003, McCollum pleaded guilty to theft and forgery in the 183rd District Court of Harris County, Texas, and was sentenced

---

[1]Cause No. 520117. Petitioner, Leonard M. McCollum's Response to the Court's Notice of Intent to Dismiss Action as Time-Barred, Docket Entry No. 6, pp. 2 and 4 and unnumbered p. 12.

to thirteen-and-a-half years' imprisonment on both counts.[2]  Again, no direct appeal was filed.  McCollum filed numerous state habeas applications challenging the various convictions.[3]  The Texas Court of Criminal Appeals denied or dismissed all of McCollum's state habeas petitions.  On March 13, 2007, McCollum filed the instant federal habeas petition challenging his 2003 convictions.[4]

## II.  *Analysis*

**A.   Statute of Limitations**

The Anti-terrorism and Effective Death Penalty Act (AEDPA) governs this case because McCollum filed his federal habeas petition after the AEDPA's effective date.  Lindh v. Murphy, 117 S. Ct. 2059, 2068 (1997).  When enacting the AEDPA Congress included a one-year statute of limitations, the relevant portion of which states:

> (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a

---

[2]Cause Nos. 964895 and 946896.  Id. at 2, unnumbered pp. 12–13.

[3]Ex parte McCollum, Appl. Nos. WR-36,015-01, WR-36,015-02, WR-36,015-03, WR-36,015-04, WR-36,015-05, WR-36,015-06, WR-36,015-07, WR-36,015-08, WR-36,015-09, WR-36,015-10, WR-36,015-11, WR-36,015-12, WR-36,015-13.

[4]In his federal habeas application McCollum indicates that he is challenging his 1989 conviction directly.  Petition for a Writ of Habeas Corpus by a Person in State Custody, Docket Entry No. 1, p. 2.  In later filings McCollum states that he is attacking the 1989 conviction insofar as it was improperly used to enhance his 2003 conviction. Docket Entry No. 6, pp. 2-3.  To the extent that McCollum is directly attacking his 1989 conviction it is clearly barred by the AEDPA statute of limitations.

>person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
>>(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>>. . .
>
>>(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).[5]  Because McCollum entered a guilty plea and was sentenced on November 11, 2003, his conviction became final, and the AEDPA statute of limitations period began to run on December 11, 2003, the expiration of the time that McCollum had for filing a timely notice of appeal. Tex. R. App. P. 26.2. See also Hughes v. Dretke, 2004 U.S. Dist. LEXIS 25223 at *5 (N.D. Tex. Dec. 14, 2004) (holding that a petitioner's conviction became final thirty days after entering a guilty plea even though he had waived his right to appeal in his plea bargain). Accordingly, McCollum had until December 11, 2004, to file a federal habeas petition unless a properly filed application for state post-conviction

---

[5]The record does not indicate that any unconstitutional State action prevented McCollum from filing for federal habeas corpus relief, that his claims concern a constitutional right recently recognized by the Supreme Court, or that the factual predicate of his claims could not have been discovered until after his conviction became final. Accordingly, §§ 2244(d)(1)(B)-(D) are not applicable.

review or other collateral review tolled the limitations period under § 2244(d)(2).

McCollum filed two state habeas applications on April 21, 2004, challenging his 2003 convictions.[6] The Texas Court of Criminal Appeals denied these applications on December 1, 2004.[7] Therefore, the AEDPA limitations period was tolled from April 21, 2004, to December 1, 2004.[8] While these applications were pending McCollum filed another state habeas petition on August 27, 2004, challenging his 1989 conviction. The Texas Court of Criminal

---

[6] Ex parte McCollum, Appl. Nos. WR-36,015-02, WR-36,015-03. McCollum filed an earlier state habeas application in 1997 challenging his 1989 conviction. Appl. No. WR-36,015-01. However, this application did not toll the AEDPA limitations period for his 2003 convictions.

[7] State court docket sheets available at http://www.cca.courts.state.tx.us/opinions/Case.asp?FilingID=226906 and http://www.cca.courts.state.tx.us/opinions/Case.asp?FilingID=226932.

[8] McCollum also filed a state habeas application on July 1, 2004, which was denied on December 1, 2004, challenging his 1989 conviction. Without the state records available it is unclear to the court whether this application worked to toll the AEDPA statute of limitations. Compare Dilworth v. Johnson, 215 F.3d 497 (5th Cir. 2000) (holding that petitioner's state habeas challenging his prior conviction used to enhance his current state sentence tolled the AEDPA statute of limitations) with Godfrey v. Dretke, 396 F.3d 681, 688 (5th Cir. 2005) (distinguishing Dilworth where the petitioner's state application failed to purport to challenge his current conviction, but prior state habeas applications attacked his expired convictions only insofar as they were used to enhance the petitioner's current sentence). However, the court need not determine this issue because the time frame for this state habeas application overlapped with McCollum's prior applications challenging the 2003 convictions (namely, April 21, 2004 – December 1, 2004). The July 1, 2004, state habeas application therefore would not toll the statute of limitations any more than it has already been tolled.

Appeals dismissed it on February 16, 2005, because his sentence had been discharged.[9]  The court does not have the entire set of state records available for review.  It is therefore unclear whether this state habeas application tolled the AEDPA statute of limitations for McCollum's 2003 convictions.  Compare Dilworth v. Johnson, 215 F.3d 497 (5th Cir. 2000) (holding that petitioner's state habeas application challenging a prior conviction used to enhance his current state sentence tolled the AEDPA statute of limitations) with Godfrey v. Dretke, 396 F.3d 681, 688 (5th Cir. 2005) (distinguishing Dilworth where the petitioner's state application did not purport to challenge his current conviction, and prior state habeas applications attacked his expired convictions only insofar as they were used to enhance the petitioner's current sentence).  However, even assuming, arguendo, that McCollum's August 27, 2004, state habeas application tolled the statue of limitations, it does not excuse his tardy filing.

By the time McCollum filed his first state habeas application, the statute of limitations had run 131 days from December 11, 2003, to April 21, 2004.  Assuming the statute of limitations was tolled from April 21, 2004, to February 16, 2005, the AEDPA statute of limitations expired in September of 2005.  The next state habeas application filed by McCollum was on November 10, 2006,[10] and

---

[9] Ex parte McCollum, WR-36,015-05.

[10] Ex parte McCollum, WR-015-06.

therefore did not toll the limitations period because it was filed after the limitations period expired.  Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000).  McCollum's federal habeas application was therefore approximately a-year-and-a-half late when he filed it on March 13, 2007.

**B.   Equitable Tolling**

On March 23, 2007, the court ordered McCollum to "set forth in writing any grounds to support his argument that the statute of limitations does not bar his habeas claims."[11]  In his response, McCollum argues that he is innocent of the charges against him, that the use of his 1989 conviction to enhance his 2003 sentence was not in accordance with the Texas Penal Code, that the state habeas court's dismissal of his August 27, 2004, habeas petition was a denial of due process because he was challenging the enhancement of his current convictions by attacking his prior conviction, and he was denied effective assistance of counsel in his 1989 guilty plea.[12]  None of these arguments provide a basis for tolling the AEDPA's statute of limitations with regard to his 2003 convictions.

---

[11] Order, Docket Entry No. 4, p. 1.  See Day v. McDonough, 126 S. Ct. 1675, 1684 (2006) (district court must give party notice and an opportunity to respond before dismissing a habeas corpus application as untimely).

[12] Petitioner, Leonard M. McCollum's Response to the Court's Notice of Intent to Dismiss Action as Time-Barred, Docket Entry No. 6, pp. 5-9.

AEDPA's statute of limitations may be equitably tolled only in "rare and exceptional circumstances." Davis v. Johnson, 158 F.3d 806, 811-12 (5th Cir. 1998). The doctrine applies "principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting [his] rights." Grooms v. Johnson, 208 F.3d 488, 489-90 (5th Cir. 1999). The decision to apply equitable tolling is within the discretion of the court. Salinas, 345 F.3d at 431.

McCollum does not allege, and the record does not indicate, that he was actively misled by the State about his cause of action or was prevented in some way from asserting his rights. Furthermore, the doctrine of equitable tolling is applied only where a petitioner has diligently pursued habeas relief. Cousin v. Lensing, 310 F.3d 843, 846 (5th Cir. 2002). McCollum has not explained why he waited over two years before filing his state habeas application in November of 2006. Given McCollum's apparent lack of diligence and the lack of extraordinary circumstances in this case, the court concludes that equitable tolling is not warranted, and his federal habeas petition is barred by the statute of limitations.

### III.  Conclusion and Order

For the reasons explained above, McCollum's Petition for a Writ of Habeas Corpus by a Person in State Custody (Docket Entry No. 1) is **DENIED**, and this action will be dismissed.

The Clerk will provide a copy of this Memorandum Opinion and Order dismissing this action to the petitioner and will provide a copy of the petition and this Memorandum Opinion and Order and the Final Judgment to the respondent and the attorney general by providing one copy to the Attorney General of the State of Texas.

**SIGNED** at Houston, Texas, on this 21st day of August, 2007.

                                                                       _____
                                                                                SIM LAKE
                                                                       UNITED STATES DISTRICT JUDGE